FILED
SUPERIOR COURT
OF GUAM

2021 MAY -3 PM 1: 38

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

BANK OF GUAM,

                  Plaintiff,

      vs.

JULIA T. TERLAJE-WILLIAMS,

                  Defendant.

Civil Case No. CV0045-20

**DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Plaintiff's Motion for Summary Judgment filed on December 22, 2020. Attorney Mark S. Beggs represents Plaintiff Bank of Guam ("Plaintiff") and Attorney Vanessa L. Williams represents Defendant Julia T. Terlaje-Williams ("Defendant"). The Court took the matter under advisement, without oral argument, pursuant to CVR 7.1(e)(1) of the Local Rules of the Superior Court of Guam.[1] This Decision and Order now follows **GRANTING** Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Plaintiff alleges that it is the holder of a promissory note ("Note") that was executed by Defendant. Compl. at ¶ 2. A copy of the Note is attached as Exhibit A to the Complaint. However, Defendant denies the allegations in the Complaint that "Plaintiff is the holder of a

---

[1] Oral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of Civil procedure. Guam Super. Ct. CVR 7.1(e)(1).

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 1 of 8

promissory note ("note") that was executed by the Defendant." Answer at ¶ 2. Despite denying that she executed the Note and that the Note is held by Plaintiff, Defendant nonetheless admits the following:

> 3.      Defendant has failed to make the payments required by the note and the balance has been accelerated. The balance due on the note is $20,195.94, accrued interest as of January 9, 2020 and additional interest as provided by the note.

> 4.      In the note, the Defendant is obligated to pay Plaintiff's attorney's fees.

Compl. at ¶¶ 3–4 (Jan. 21, 2020); Answer at ¶¶ 2-3 (March 30, 2020); Decl. in Support of Mot. Summ. J. ("Decl.") at ¶¶ 6-7 (Dec. 22, 2020). While Defendant denies that she executed the Note, Defendant offers no alternative evidence to support her denial in light of her admission of liability. Answer at ¶ 2.

## DISCUSSION

### A. Effect of Non-opposition in Motions for Summary Judgement

Although the Defendant did not file an opposition to Plaintiff's Motion for Summary Judgment, the court must still "consider the merits of the motion before it." *Quitugua v. Flores*, 2004 Guam 19 ¶ 27. "The failure to write an opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require the court to automatically grant the motion and is not dispositive of the motion itself." *Id.* at ¶ 28. As such, the Court considers the motion in light of the circumstances and applicable law.

### B. Summary Judgment Standard

Under Rule 56(c) of the Guam Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 2 of 8

entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c); *see also Bank of Guam v. Flores,* 2004 Guam 25 ¶ 8; *Gayle v. Hemlani,* 2000 Guam 25 ¶ 20.

If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong,* 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores,* 2004 Guam 25 ¶ 7.

If the moving party demonstrates that there are no genuine issues of material fact, the non-movant cannot merely rely on the allegations contained in the pleading and must produce some significant probative evidence to support the pleading. *Bank of Guam v. Flores,* 2004 Guam 25, ¶ 7 (*citing Edwards v. Pacific Financial Corporation,* 2000 Guam 27 ¶ 7). The court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id.* The Supreme Court of Guam has held that a defending moving party may satisfy its moving burden "by showing there is an absence of evidence" to support a claim. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation,* 2012 Guam 2 ¶ 7 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). It may also satisfy its burden by "producing evidence negating an essential element" or claim. *Id.*

Although the Guam Rules of Civil Procedure allow that "[a] party against whom a claim … is asserted … may, at any time, move with or without supporting affidavits for a summary judgment," this does not relieve the movant from separately identifying the disputed

*Bank of Guam v. Julia Terlaje-Williams,* Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 3 of 8

and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under the appropriate standard. Guam R. Civ. P. 56(b); *Guam Sanko Transportation, Inc. v. Pacific Modair Corp.*, 2012 Guam 2 ¶ 7.

In an action stemming from a promissory note, the holder or payee must establish the following: (1) there is a note; (2) he is the legal owner and holder of the note; (3) the defendant is the maker of the note; and (4) a certain balance is due and owing on the note. *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 14. And a court may consider extrinsic evidence to determine whether there is a balance due and owing on the note – the fourth factor under *Hemlani*. *Ecube v. RK Incorp.*, 2021 Guam 2 ¶ 19, 20, fn. 5 ("the trial court needed to determine that the balance on the note to find whether the Estates could recover …. The four corners of the note would not reveal whether the note already had been paid.").

"Generally, in a contract dispute, a motion for summary judgement may be granted only where the agreement's language is unambiguous and conveys a definite meaning." *Edwards*, 2000 Guam 27 ¶ 9; *See also John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp..*, 22 F.3d 458 (2nd Cir. 1994). Contract language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.* 22 F.3d 458, 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (quoting 18 GCA § 87102). The Court now addresses the merits of the instant motion.

//

//

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 4 of 8

## C. Execution of the Note

Plaintiff asserts that Defendant executed a Note with Plaintiff. In support of its assertion, Plaintiffs submit Bank of Guam Vice President and Loan Adjustment Manager Reanna R. Cruz's ("Cruz") declaration. In her declaration, Cruz authenticates that Defendant executed the Note with Plaintiff on December 12, 2016, by attaching the Note revealing Defendant's signature on the last page. Decl. Ex. A. While Defendant denies that she executed the Note in her Answer, she does not provide any contradicting evidence, nor did she file any opposition to summary judgment before January 19, 2021.[2] Accordingly, the Court finds no issue of material fact as to Defendant's execution of the Note. The Court holds that there is a note, Plaintiff is the owner and holder of the note, and Defendant is the maker of the note.

## D. Principal Balance

The Court now addresses the merits of the undisputed facts. First, it is undisputed that Defendant owes Plaintiff the principal amount of $20,095.94[3] due under the Note. Decl. at ¶ 6; *Id.* at Ex. B; Answer at ¶ 3. In considering the merits of the present motion, the Court turns to the plain language of the Note. The Note's "Promise to Pay" provision provides, "[Defendant] promise[s] to pay to [Plaintiff], ... the principal amount, ... together with interest on the unpaid principal balance ..., using an interest rate of 6.500% per annum, until paid in full." Decl. Ex.

---

[2] Defendant's Opposition was due on January 19, 2021. Nothing was filed by Defendant either on that date or thereafter. Additionally, despite the Court's notice that the court took the matter under advisement on February 12, 2021, Defendant did not seek nor has she sought leave of the court to file an opposition or response beyond the time set, or seek any other relief notwithstanding the notice.

[3] The Court notes the amount in the principal balance indicated in the Complaint and the Declaration differ. The Complaint indicates the principal balance owed is $20,195.94. The Declaration indicates the principal balance owed is $20,095.94. Pursuant to GRCP 56, the Court will not rely on the pleadings filed and will rely on the Declaration as probative evidence supporting the pleading. This logic will follow for the accrued interest and reasonable attorney fee amounts.

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 5 of 8

A. Further, the Note's "Default" provision provides, "[Defendant] will be in default under this Note if ... [Defendant] fail[s] to make any payment when due under this Note." *Id.* Since failure to make payments constitutes a default within the meaning of the Note, and Defendant admits to owing Plaintiff the principal balance of $20,095.94, the Court finds no issue of material fact as to Defendant's obligation to pay Plaintiff the principal amount of $20,095.94.

### E. Accrued Interest

Second, it is undisputed that Defendant owes Plaintiff the accrued interest of $1,858.32.[4] Decl. at ¶ 6; *Id.* at Ex. B; Answer at ¶ 3. The Note's "Interest After Default" provision provides, "Upon maturity, whether scheduled or accelerated by [Plaintiff] because of [Defendant's] default, the total sum under this Note will continue to accrue interest...." Decl. Ex. A. Defendant's payment history indicates that she made some payments, however, she is still in default within the meaning of the Note, and the interest continued to accrue. Decl. Ex. B. The clear and precise language of the Note's provisions coupled with Defendant's admission that she failed to pay the accrued interest leads the Court to find no issue of material fact as to Defendant's obligation to pay Plaintiff the accrued interest of $1,858.32.

### F. Additional Interest

Third, it is undisputed that Defendant owes Plaintiff additional interest, which continues to accrue, at the rate of 6.5% per annum since December 17, 2020. Decl. at ¶ 6; *Id* at Ex. A; Answer at ¶ 3. The Note indicates "Interest Rate: 6.500%" at the top of the page. Decl. Ex. A. The Note's "Promise to Pay" provision also indicates that "[Defendant] promise[s] to pay to [Plaintiff], ... the principal amount, ... together with interest on the unpaid principal balance ..., using an interest rate of *6.500% per annum*, until paid in full." *Id.* (emphasis

---

[4] The Court relies on the accrued interest amount indicated in the Declaration.

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 6 of 8

added). Defendant's obligation to pay Plaintiff additional interest at the rate of 6.5% per annum from December 17, 2020, is further supported by Cruz's declaration. Decl. ¶ 6. Finally, Defendant admits that she failed to pay Plaintiff the additional interest of 6.5% per annum. Answer at ¶ 3. The Court is satisfied that no issue of material fact exists as to Defendant's obligation to pay Plaintiff additional interest at the rate of 6.5% per annum from December 17, 2020.

### G. Award for Attorney's Costs and Fees

Generally, courts follow the "American rule" when awarding attorney's fees. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. Under the American rule, parties are expected to bear their own litigation expenses, including attorney's fees. *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Exceptions to the American rule include attorney's fees that are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially established equitable circumstances. *Id.* (citing *Young v. Redman*, 128 Cal. Rptr. 86, 91 (Ct. App. 1976)).

Plaintiff claims that Defendant is obligated to pay Plaintiff's reasonable attorney fees of $3,285.36.[5] Decl. at ¶ 7; Answer at ¶ 3. The Note's "Attorneys' Fees; Expenses" provision provides that "[Plaintiff] may hire … someone … to help collect this Note if [Defendant] does not pay. [Defendant] will pay [Plaintiff] that amount. This includes [Plaintiff's] *reasonable attorneys' fees* and … legal expenses … not to exceed fifteen percent (15%) of the unpaid debt after default…." Decl. Ex. A. (emphasis added). Attorney's fees in the instant matter rightfully fall within the attorney's fees authorized by contract exception articulated in *Fleming*.

---

[5] The Court relies on the reasonable attorney fees amount indicated in the Declaration.

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 7 of 8

Accordingly, the Court finds no issue of material fact as to Defendant's obligation to pay Plaintiff's reasonable attorney fees.

## CONCLUSION AND ORDERS

For the above reasons, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment. Accordingly, the Court hereby **ORDERS** Plaintiff to file the following within thirty (30) days of the issuance of this Decision and Order: (1) a Bill of Costs for reasonable attorney's fees and costs and (2) support for the balance of principal, accrued interest, and additional interest as of the date of the required submission. A hearing to determine the Defendant's liability for specific amounts due to Plaintiff on the note shall be scheduled following the Court's receipt of these documents.

SO ORDERED this _____ MAY 03 2021 _____.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

*Bank of Guam v. Julia Terlaje-Williams*, Civil Case No. CV0045-20
*Decision and Order Granting Plaintiff's Motion for Summary Judgment*
Page 8 of 8